IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTHONY D. MORRISON,            )
                                )
          Petitioner,           )
                                )
vs.                             )   Case No. CIV-16-268-HE
                                )
JASON BRYANT, Warden,           )
James Crabtree Correctional     )
Center,                         )
                                )
          Respondent.           )

# REPORT AND RECOMMENDATION

Anthony D. Morrison (Petitioner), pro se,[1] petitions under 28 U.S.C. § 2254 for federal habeas relief from his state court conviction and sentence. Doc. 1.[2] An Oklahoma County District Court jury found Petitioner guilty on two counts in Case No. CF-2009-3297: Count I, Murder in the First Degree

---

[1] The court construes Petitioner's pro se filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Citations to the petition reflect this Court's CM/ECF designation and pagination and, unless otherwise indicated, quotations are verbatim.

[2] Petitioner asserts five grounds for federal relief. He claims violations of his right to due process based on the state's application of the felony murder doctrine to the independent intervening criminal act of a third party; the state's refusal to allow argument or to instruct on the defense theory of the case; and the state's failure to present sufficient evidence to support his conviction. Doc. 1, at 5, 7, 10. He also claims his exercise of the right to a jury trial resulted in a harsher sentence, *id.* at 8, and that his conviction for conspiracy to commit robbery with a firearm conviction is not supported by sufficient evidence because it is based on the uncorroborated statements of two co-conspirators. *Id.* at 12.

and, Count II, Conspiracy to Commit a Felony (Robbery with a Dangerous Weapon) after conviction of two or more felonies. Doc. 1, at 1; *id.* Att. A. The trial court entered judgment and sentence for life imprisonment on Count I and thirty years imprisonment on Count II. *Id.*

Chief United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). As Rule 4 of the Rules Governing Section 2254 Cases directs, the undersigned promptly examined the petition and attached exhibits, and, as it appears the petition is time-barred under 28 U.S.C. §2244(d), recommends its summary dismissal.

I.     **Screening Requirement.**

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any attached exhibits to it that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases. This rule allows the district court to raise the timeliness of a petition for writ of habeas corpus sua sponte, if untimeliness is "clear from the face of the petition." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1085 (10th Cir. 2008); *Day v. McDonough*, 547 U.S. 198, 209 (2006)

("[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition.").

"[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has such notice by this Report and Recommendation, and he may present his position by filing an objection to the Report and Recommendation. Further, when raising the issue sua sponte, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id.* (internal quotation marks omitted); *Thomas v. Ulibarri*, 214 F. App'x. 860, 861 n.1 (10th Cir. 2007) (explaining *Day*).

## II. Analysis.

### A. The AEDPA limitation period.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year period of limitation for an individual who is in state custody to apply for federal habeas relief. The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because Petitioner alleges no facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D), the period of limitation runs from the date the judgment became "final" as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Here, the District Court of Oklahoma County entered judgment of conviction on July 11, 2011. Doc. 1, at 1. Petitioner alleges and the records attached to his petition confirm that he timely appealed from his conviction and sentence with the Oklahoma Court of Criminal Appeals (OCCA) in Case No. F-2011-624. *Id.* at 2. The OCCA affirmed the judgment and sentence by summary opinion on June 20, 2013. *Id.* Att. A. Petitioner then filed a

4

Petition for Rehearing before the OCCA on July 10, 2013. *Id.* Att. B, at 1. The OCCA denied the rehearing petition on September 11, 2013, but corrected certain language in its slip opinion for clarity. *Id.* at 2.

Next, Petitioner filed a petition for certiorari in the United States Supreme Court. Doc. 1, at 3. That Court's docket reflects he did so on October 10, 2013. *See Morrison v. Oklahoma*, No. 13-7807, *petition for cert. filed* (No. 13-7807). The Court denied the petition for certiorari on February 24, 2014, *see Morrison v. Oklahoma*, 134 S. Ct. 1303 (2014), and Petitioner's conviction became final for purposes of federal habeas review. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding a conviction is final when, "following a decision by the state court of last resort . . . the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed") (quotation omitted). Petitioner's opportunity to timely file a federal habeas petition consistent with 28 U.S.C. § 2244(d)(1)(A) began to run on February 24, 2014, the date the Supreme Court denied his petition for certiorari and "ended further direct review of [Petitioner's] conviction . . . ." *Holland v. Florida*, 560 U.S. 631, 635 (2010). That one-year period of limitation then expired on February 25, 2015, and absent statutory or

5

equitable tolling of the limitation period, the petition, filed on March 16, 2016,[3] is untimely.

B. **Statutory tolling.**

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner applied for post-conviction relief on September 23, 2014, tolling the limitation period with 154 days remaining. Doc. 1 Att. C, at 1. The state district court denied the application on January 30, 2015. *Id.* at 7.

Under Oklahoma law, Petitioner had thirty days in which to appeal the denial of post-conviction relief to the OCCA.[4] Petitioner failed to timely file his Petition in Error and, as a result, the OCCA declined jurisdiction and dismissed the matter on March 24, 2015. Doc. 1 Att. D, at 3-4. Although Petitioner did not timely prosecute his appeal, the limitation period remained tolled for thirty days, the period during which he "could have sought" a timely post-conviction appeal. *See Gibson v. Klinger*, 232 F.3d 799, 804-06 (10th Cir.

---

[3] The petition was "filed" on the day Petitioner gave it to prison officials for mailing. Doc. 1, at 17; s*ee Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007).

[4] Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals.

2000) (under Oklahoma law, tolling is allowed for thirty days after the denial of an application for post-conviction relief and the limitation period runs upon the expiration of that thirty-day grace period if no appeal is filed or if an appeal fails on procedural grounds). So, the limitation period began to run again on March 2, 2015, with approximately 154 days remaining, and expired on or about August 4, 2015. Absent equitable tolling, this petition – not filed until March 16, 2016 – is time-barred.

C. **Equitable tolling.**

The one-year period of limitation also "may be subject to equitable tolling" if application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (citations omitted); *see also Holland,* 560 U.S. at 645 ("hold[ing] that § 2244(d) is subject to equitable tolling in appropriate cases") (citations omitted). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is limited to "rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (citations omitted).

7

To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted). The petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Petitioner implicated equitable tolling in completing the section of his form petition requiring him to explain why the one-year statute of limitations does not bar his petition. Doc. 1, at 15-16. He first noted, as detailed above, the conclusion of his direct appeal process and his filing for post-conviction relief on September 23, 2014, a process that he maintains ended when the OCCA declined jurisdiction over his appeal on March 24, 2015. *Id.* He then alleged:

> Pursuant to 28 U.S.C. § 2244(d)(2) the time during which a properly filed application for state post-conviction or other collateral review with respect to the perinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection[.] Appellant one year limitation should not start running until the concluding of state review that was on March 24, 2015 according to his understanding of the law[.] see Attachment E[.] Petitioner is well within the provision of 28 U.S.C. § 2244[.]

*Id.* at 16.

Petitioner's Attachment E is a one page report of the results of Petitioner's grade level testing while in Oklahoma Department of Corrections custody on an earlier conviction. Doc. 1 Att. E. Petitioner simply notes the attachment which shows that on November 8, 2002, he scored Grade Level Read: 2.3; Grade Level Math: 4.8; Grade Level L. A.:1.1; and Grade Level Total: 2.5. *Id.* He fails to explain his rationale in attaching the document. Doc. 1, at 16.

While Petitioner is pro se and entitled to a broader reading of his petition, no court can act as his advocate and create arguments for him. *Yang*, 525 F.3d at 927 n.1. In any event, if his intent was to demonstrate that his faulty understanding of § 2244's provisions should be excused in light of these test scores, ignorance of the law does not excuse timely filing of a habeas action and fails to justify Petitioner's lack of diligence in pursuing federal habeas relief. *See Marsh,* 223 F.3d at 1220. And, if his intent was to show that his ability to comprehend the law is somehow diminished, "federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity such as that resulting in institutionalization or adjudged mental incompetence." *O'Bryant v. Oklahoma*, 568 F. App'x 632, 636 (10th Cir. 2014) (citations omitted).

9

Petitioner provides no facts from which the court could find there are "rare and exceptional" circumstances that warrant equitable tolling. *Gibson*, 232 F.3d at 808 (citation omitted). And, even if Petitioner could show rare and extraordinary circumstances justifying some equitable tolling of the limitation period, he must also demonstrate that he has diligently pursued his federal claims, which he fails to do. *See id.*; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (citations omitted); *Sigala*, 656 F.3d at 1128 (requiring petitioner to "vigorously attempt[] to ensure his habeas petition was timely filed").

### III. Recommendation and notice of right to object.

The undersigned recommends summary dismissal of the petition for writ of habeas corpus as time-barred.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before May 19, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection

to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of Respondents at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 29th day of April, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE